INGRAM, Justice
(dissenting).
I respectfully dissent from the opinion of the majority, because I believe that the facts of this case would not support a finding of excusable neglect sufficient to allow the enlargement of the time for filing the motion for substitution. Even though granting an enlargement of time under Rule 6(b)(2), A.R.Civ.P., is within the discretion of the trial court, I feel that such a grant would amount to an abuse of discretion under the facts as presented by the appellant.
The facts as reflected in the record are as follows:
1. October 17, 1988 — Sherry Garner died.
2. April 17, 1989 — Suggestion of death filed in the Circuit Court of Jefferson County.
3. April 18, 1989 — Suggestion of death received in the office of Moore’s attorney.
4. October 17, 1989 — Deadline for filing motion to substitute under A.R.Civ.P. 25(a).
5. January 17, 1990 — Moore’s attorney, in open court, stated that he had discovered the suggestion of death and “informed the court and counsel for defendants [of] his discomfiture in having failed to file the motion for substitution.”
6. May 18, 1990 — Motion for summary judgment filed by the attorney who had represented Sherry Garner.
7. June 6, 1990 — Motion for summary judgment argued. Motion continued for the filing of briefs by the parties.
8. July 10, 1990 — Motion for extension of time under Rule 6(b); motion to substitute; and brief in response to motion for summary judgment filed by Moore.
9. November 6, 1990 — Summary judgment (which the Court understands to be a dismissal) entered in favor of Sherry Garner.
In his motion for extension of time and in his brief to this Court, Moore argues that he is entitled to an enlargement under Rule 6(b)(2), A.R.Civ.P., on the grounds that his failure to comply with the deadline provided in Rule 25 was due to excusable neglect. Moore claims that his attorney was unaware that the suggestion of death had been filed, because of a clerical error in the attorney’s office and because the attorney had his arms in casts and was therefore unable to handle papers at the time the suggestion of death was received. Moore’s attorney stated that had he but known of the suggestion of death, “a simple motion for substitution would have been filed immediately, although it is our sincere conviction that it is not necessary in this case.”[2]
Rule 6(b)(2) requires a showing of “excusable neglect” before an enlargement of time may be granted:
“When by these rules or by notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for *490 cause shown may at any time in its discretion ... (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect. ...”
A.R.Civ.P. 6(b)(2) (emphasis added).
“Rule 6(b) gives the court a very broad discretion to enlarge time periods, but such enlargement is to be only for cause shown.... If, however, the application for extra time comes after the period has run, notice of the motion must be given to the other parties, and the only cause for which extra time can be allowed is ‘excusable neglect.’ As to the meaning of ‘excusable neglect,’ see 4 Wright & Miller, Federal Practice and Procedure, Civil, § 1165 (1969).”
Id., committee comments.
According to Wright & Miller, “[excusable neglect seems to require a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.” 4A C. Wright and A. Miller, Federal Practice and Procedure § 1165, at 480 (1987).
Moore’s attorney argues that the “excusable neglect” was his inability to discover the suggestion of death in time to file a timely motion for substitution. This “excuse,” however, does not address the delay between January 17, 1990, the date he admitted he had “discovered” the suggestion of death, and July 10, 1990, the date he filed the motion to substitute and the motion for extension of time. For this span of approximately six months, no excusable neglect is offered.
In his own words, Moore’s attorney stated that the filing of a motion to substitute is a simple matter, one that he would have dealt with immediately had he but known that the suggestion of death had been filed. Because he admits that he could have filed the motion to substitute, had he known the suggestion of death had been filed, and because he admitted in open court before the trial judge in January that he had, by that time, discovered the suggestion of death, I believe that the trial court would have been committing reversible error in granting the enlargement of time under Rule 6(b). Therefore, I would affirm the summary judgment.
MADDOX, HOUSTON and STEAGALL, JJ., concur.

. Moore, on appeal, argues that the motion for summary judgment should not have been granted because Wayne Garner, the administrator of Sherry Garner’s estate, was already a party to the action. However, this argument fails to recognize the important distinction between the alleged liability of Wayne Garner, individually, based upon his ownership of the automobile, and the alleged liability of Sherry Garner’s estate. Wayne Garner, individually, was not the proper party to be sued for the alleged negligence of Sherry Garner. In order for liability to continue against Sherry Garner after her death, the legal entity that represents her — her estate— must be substituted. Moore’s argument that Wayne Garner, individually, was already a defendant does not excuse his failure to properly substitute Wayne Garner, as administrator of Sherry Gamer’s estate, for the deceased Sherry Garner.